UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

AHMED MATTAR, M.D.,                )
    Plaintiff,                             )
                                                  )
    v.                                          )    CAUSE NO.  1:04-CV-095
                                                  )
COMMUNITY MEMORIAL HOSPITAL   )
                                                  )
    Defendant.                          )

**OPINION and ORDER**

The *pro se* Plaintiff, Ahmed Mattar, M.D., claims in his lawsuit that his former employer, Community Memorial Hospital, discriminated against him based on his national origin and religion in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq*.  What is now before the Court, however, is Mattar's Motion to Compel (DE #51) filed well after the close of discovery and just four days before dispositive motions were due.  In his motion Mattar seeks both answers to interrogatories and the production of documents in accordance with his first discovery requests filed on June 1, 2005.  The Defendant, Community Memorial Hospital, which did in fact file a timely motion for summary judgment, responds (DE #58) that the motion to compel is subject to both procedural and substantive objections.

In short, the Hospital first contends that Mattar did not comply with the certification requirements of Fed. R. Civ. P. 37(a)(2)(B) by failing to show that he had either conferred or attempted to confer in good faith with counsel for the Hospital in an effort to obtain the discovery "without court action." In his reply (DE #61), Mattar argues that he did not know of the requirement, but should be excused from it regardless because "the defendant did not show

any good faith in their responses to allow any room to confer." (Reply Br. 2.)

The second line of attack is also procedural and points out that Mattar's motion, filed August 15, 2005, comes approximately 46 days after he received the discovery responses, and more importantly, nearly a month after the close of discovery on July 19, 2005.  Mattar's response to that argument is that the motion was filed before the dispositive motion deadline, apparently taking the view that his  motion is "dispositive," and that in his view, anyway, deadlines should not be used as an excuse for dodging discovery.  (Reply Br. 2.)

Finally, the Hospital maintains that even when viewed substantively, Mattar's motion fails in that it seeks answers to vague, over broad and irrelevant questions.  Moreover, the Hospital maintains that in response to Mattar's request for production, it produced over 1650 pages of documents. While Mattar does not directly respond to the first contention, he does argue that more than 900 pages of the 1650 pages produced concerned irrelevant materials, such as employee insurance plans and time sheets. (Reply Br. 3.)

As for the first contention that Mattar failed to confer or even attempt to confer with counsel for the Hospital, it is undeniable that Mattar, even as a *pro se* litigant, has this general obligation. As the Seventh Circuit has stated: "Although civil litigants who represent themselves ("*pro se*") benefit from various procedural protections not otherwise afforded to the attorney-represented litigant . . . *pro se* litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

Fed. R. Civ. P. 37(a)(2)(B) requires that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the party not

2

making the disclosure in an effort to secure the disclosure without court action." Fed. R. Civ. P. 37(a)(2)(B).[1]  Failure to include a certification can lead directly to a denial of a motion to compel.  *Kalis v. Colgate-Palmolive Co.,*  231 F.3d 1049, 1059 (7th Cir. 2000).  On that basis alone Mattar's motion can be denied, even though he is *pro se.*[2]  *See, e.g.*, *Saudi v. Northrop Grumman Corporation*, 221 F.R.D. 452, 456 (E.D. Va. 2004); *Pearison v. Pinkerton's, Inc.,* 2003 WL 21212651 (E.D. Tenn. April 9, 2003).

Mattar also conclusorily suggests that it would have been futile to conduct a conference under Fed. R.Civ. P. 37(a)(2)(B) because the Hospital was not answering his discovery in good faith.  Mattar's position, however, overlooks the mandatory nature of the requirement. *See, e.g.*, *Burton v. R.J. Reynolds Tobacco Co.*,  203 F.R.D. 624, 627 (D. Kan. 2001) (rejecting the argument that there is no need to confer when a party believes that such a conference would be futile).

The motion to compel also comes too late.  Mattar obviously had complaints about the discovery he was provided from the moment he received the Hospital's responses on June 27, 2005. Nevertheless, he waited until after the close of discovery on July 19, 2005, and then 27 days more, to file his motion, knowing full well that the Hospital would be filing a dispositive

---

[1] To the extent Local Rule 37, which Mattar does not rely upon, is inconsistent with Rule 37(a)(2)(B), it does not control. Fed. R. Civ. P. 83(a).

[2] Mattar's claim that he does not know the Federal Rules of Civil Procedure, at least raising the implication that he did not know about the conference requirement of Rule 37, rings hollow given that at least two such certificates (DE ## 21, 32) were previously filed by the Hospital.  In any event, *pro se* litigants cannot use ignorance of the rules as an excuse.  *Jones*, 39 F.3d at 163.  Moreover, Mattar was asked by counsel for the Hospital to engage in a discussion concerning a proposed protective order, preparatory to the production of even more documents, but he apparently chose not to do so.  (*See* Reed Aff. ¶¶ 4, 8).  Mattar can not be heard to complain about the non-production of documents, having thwarted the Hospital's efforts to reach an agreement concerning a proposed protective order.

3

motion within just a few days. Motions to compel are to be filed before the close of discovery. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001); *Rosetto v. Pabst Brewing Co.,* 217 F.3d 539, 542 (7th Cir. 2000); *Banks v. CBOCS West, Inc*., No. 01-0795, 2004 WL 723767, at *2 (N.D. Ill. April 1, 2004).  Mattar offers no excuse for this lack of diligence, other than the unsupported, indeed unsupportable, notion that he somehow thought the dispositive motion deadline would apply. *See Kalis*, 231 F.3d at 1058 (no abuse of discretion in denying a motion to compel filed after discovery closed, a summary judgment motion filed, and a briefing schedule set). Therefore, Mattar's motion will also be denied as untimely.

Finally, even if we review Mattar's motion on the merits, it falls short.  Federal Rule of Civil Procedure 26(b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." *Byers v. Illinois State Police,* 2002 WL 1264004, at *1 (N.D. Ill. June 3, 2002).  Discoverable materials are not limited to that which would be admissible at trial. However, the discoverable material must at least appear reasonably calculated to lead to the discovery of admissible evidence. *See Yladic v. Hamann*, 2002 WL 726738, *2 (N.D. Ill. Apr. 24, 2002) (citing *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1021 (N.D. Ill.2000)). However, a court "can limit discovery if it determines, among other things, that the discovery is unreasonably cumulative or duplicative, obtainable from another source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs its likely benefit." *Byer*s, 2002 WL 1264004, at *1 (citing Fed. R. Civ. P. 26(b)(2)).

In conducting the necessary analysis we are unaided by Mattar's submissions, which tell us virtually nothing about the purported relevance of either the interrogatories or his requests for production of documents. In all, Mattar seeks to have 6 requests for production responded to and

4

12 interrogatories answered.[3] The Court will briefly address each *seriatim*.

The Hospital, after first lodging objections, produced documents in response to Requests 1, 4 and 8.  The fact that Mattar now is dissatisfied with the production does not mean that his motion should be granted.  Indeed, while some documents, purportedly privileged, have apparently been withheld in accordance with a privilege log, Mattar, who failed to endorse or even discuss the Hospital's proposed protective order, does not tell us what more should be produced. We will not make his argument for him.

Requests # 10, 11 and 12 are essentially identical and ask for documents pertaining to other discrimination claims, lawsuits and charges made against the Hospital since 1999.  The Hospital poses a series of objections to the requests, but their launching into such legalisms is difficult to understand given that the Hospital's answer to Interrogatory #13 reveals that there have not been any.

As for the Interrogatories, Mattar asks in Interrogatory #1 for any statements by any persons concerning the matters at issue in the case.  Aside from the overly broad nature of the question, the Hospital reports that they have no such statements that are not privileged.  This also presumably relates to the privilege log that Matter does not challenge. The objection is sustained.

Interrogatory #3 is also overly broad in seeking the names of all employees with whom the Hospital has had any communications, or even contact, regarding the allegations in the complaint. Besides being over broad, this information was presumably produced on or about May 16, 2004, in accordance with Fed. R. Civ. P. 26(a)(1)(A). (*See* Report of the Parties' Planning Meeting ¶ 2 (DE# 13)). The interrogatory has effectively been answered; alternatively,

---

[3]Mattar asks for a response to Request for Production #14, but he only served 13 requests.

the Hospital's objection is sustained.

Interrogatory # 7 asks for information about all employees working with Mattar between 1999 and June 3, 2003, including their religion, race, national origin, and the disciplinary actions taken against them. It is difficult to understand the relevance of this inquiry, and Mattar does not elucidate on the basis for it. In any event, Mattar was apparently the only physician working at the Harlan, Indiana office during that time, so it is unlikely that the other employees (all support staff) would be deemed similarly situated within the meaning of Title VII.

Interrogatory # 8 asks for the persons responsible for the hiring, firing and disciplining of Hospital employees from 1999 to the present. Given that Mattar has not been an employee of the Hospital for over two years suggests that the question is temporally over broad on its face. Nonetheless, the Hospital responded that Mattar was terminated by the Hospital's former CEO, Olas Hubbs, III, a point Mattar apparently does not dispute, and therefore the question is also overly broad as to other persons who may have firing authority. Mattar does not reveal the relevance of the inquiry, and putting the Hospital to the burden of answering it further does not appear appropriate given its minimal import.

Interrogatory # 9 asks for all other employees who either were terminated or resigned from employment with the Hospital from 1999 to the present. Once again Mattar does not tell us how this would be relevant to his case, and it also appears to be overly broad given his claims. We will not put the Hospital to the burden of answering it, and their objection is sustained.

Interrogatory # 10 asks for information concerning a Dr. Robinson, who Mattar apparently believes was terminated, and it also asks for his race, religion, and national origin. We do not know the basis for this question, and the Hospital contends this information is

6

irrelevant and not likely to lead to the discovery of admissible evidence. Mattar does not tell us anything about Dr. Robinson, the circumstance of his alleged firing, or how, in short, this information would be probative of anything. Accordingly, we will not order this interrogatory to be answered.

Interrogatory # 11 asks for Mattar's salary history, now supposedly supplied to him via w-2 statements, and the salary history of some other physicians. The Hospital also contends that this information is irrelevant because Mattar was terminated for reasons other than salary. Mattar gives us no basis for concluding that this information is anything but tangentially relevant, and therefore we will not impose the burden of responding to it.

Interrogatory # 13, as noted *supra,* has been answered.

Interrogatory # 14 refers to a purported job interview the Hospital conducted of a Dr. Ahmad. The Hospital again objected based on relevance. Perhaps Mattar's question has some relevancy, but he does not tell us how, and at least some minimal articulation is required.

Interrogatory # 15 seems to ask if the Hospital knows of anything that would militate against possible reinstatement of Mattar. The Hospital answered the interrogatory.

Interrogatory # 16 asks the Hospital to name any expert they may call as a witness. The Hospital appropriately responded that it has not yet "made this determination." The Report of the Parties' Planning Meeting, approved by Mattar's counsel, the Hospital, and the Court (DE## 13, 15) leaves the disclosure of expert witnesses to the operation of Fed. R. Civ. P. 26(a)(2)(C). The problem for Mattar is that that Rule does not require expert disclosures until 90 days before trial, and no trial has been set in this case. Stated another way, the disclosure of expert witnesses is not yet due under the Court's schedule, making the Hospital's response a proper one.

Interrogatory #19 asks various questions concerning a statement purportedly made by a member of the Hospital's Board of Governors in a public forum. The Hospital essentially answered the interrogatory by stating they were unaware of the comment. Mattar does not articulate a basis of relevancy for any other questions contained in the interrogatory.

Finally, even if we consider Mattar's response to the Hospital's motion for summary judgment (DE# 62) as a request to conduct more discovery under Fed. R. Civ. P. 56(f), he fares no better. First, Mattar's filing, something he describes as an "Initial Response," is not in the form of an affidavit, and that alone dooms it under Rule 56(f). *See Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2000) (a party's request for further discovery can be denied when it was not in the form of an affidavit as required by Rule 56(f)).

Moreover, Mattar does not tell us in his Initial Response just what additional information he needs in order to be able to establish a genuine issue of material fact. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005) (a request for additional discover under Rule 56(f) can be denied if the moving party never indicates what additional information is needed). It is too late for open-ended discovery.

Finally, we cannot overlook Mattar's own lack of diligence in pursuing discovery. Overall, this case has had eight months discovery, and while Mattar is critical of his former counsel's performance, he has been solely responsible for its prosecution for nearly a year. Tellingly, Mattar did not begin his discovery efforts until June 1, 2005, and as we have noted earlier, he then chose to sit on the Hospital's discovery responses while the discovery clock ticked away, ultimately waiting until discovery was closed before taking any action. A moving party cannot create a basis for extending discovery through their own lack of diligence. *Kalis*,

8

231 F.3d at 1057 n.5.

Consequently, Mattar's Motion to Compel is hereby DENIED. To the extent that Mattar's Initial Response is a motion under Fed. R. Civ. P. 56(f) it is likewise DENIED. In order for the Court to consider Mattar's case on the merits, this Court on its own motion grants him until October 21, 2005, to respond to the motion for summary judgment.

Enter for September 23, 2005.

        S/Roger B. Cosbey
        Roger B. Cosbey,
        United States Magistrate Judge